IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PAULA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-1087 |
| | ) | |
| EARTH ANGELS and | ) | |
| SANDRA LEMONDS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Paula Johnson ("Ms. Johnson") brings this action against Defendants Earth Angels and Sandra Lemonds, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (2012). Defendants in their Answer move to dismiss Ms. Johnson's claims for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Answer 4, ECF No. 9.) The manner in which Defendants made this motion violates Local Rule 7.3(a), which requires each motion to be "set out in a separate pleading." L.R. 7.3(a). Defendants, also in their Answer, appear to seek dismissal pursuant to Rule 12(b)(1) for "fail[ure] to properly invoke either jurisdiction or venue," likewise made in violation of the Local Rules. (See Answer 5, ECF No. 9.) The Court will nevertheless consider the merits of these improperly made motions since Defendants clarify their requested relief in a supporting brief[1] and Ms.

---

[1] Significantly, Defendants filed a brief in support of their motion "[i]n accordance with Local Rule 7.3" (Answer 5, ECF No. 9), the same rule requiring motions to be set out in separate pleadings.

Johnson has had an opportunity to respond.  See Auxo Med., LLC v. Ohio Nat'l Life Assurance Corp., No. 3:11cv259-DWD, 2011 WL 3841934, at *2 (E.D. Va. Aug. 30, 2011) (considering the merits of a motion despite the party's failure to follow local rules because "[a]s a general rule, 'the application of the local rules is within the discretion of the Court'").

For the reasons discussed below, the Court denies Defendants' motion to dismiss for "fail[ure] to properly invoke either jurisdiction or venue," and the Court grants in part and denies in part Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

**I.     BACKGROUND**

The facts as alleged by Ms. Johnson are as follows:  Ms. Johnson is African-American.  (Am. Compl. ¶ 10, ECF No. 3.)  From June 2010 to February 2011, she worked at Earth Angels, a health-care agency owned and operated by Executive Director Sandra Lemonds ("Ms. Lemonds").  (Id. ¶¶ 1, 7.)  One month after voluntarily resigning from Earth Angels, Ms. Johnson reapplied and was rehired as a Field Representative and a Personal Care Assistant.  (Id. ¶¶ 7, 8.)  During Ms. Johnson's employment, Ms. Lemonds repeatedly used the word "n*****" in her presence and referred to her as a "pickaninny."  (Id. ¶ 18.) Defendants also maintained separate bathrooms for black and white individuals.  (Id. ¶ 16.) At one point, Defendants installed a portrait in Ms. Lemonds' office that Ms. Johnson found racially offensive.  (Id. ¶ 17.)  Even after Ms. Johnson objected to the portrait, it continued to hang above Ms. Lemonds' desk.  (Id.; see Pl.'s Opp'n 2, ECF No. 13.)

In late October 2013, Ms. Lemonds fired Ms. Johnson from her position as a Field Representative, citing her alleged "disrespect" toward stakeholders as the reason for her

2

termination.  (Am. Compl. ¶¶ 8–9, ECF No. 3.)  A few days later, in early November 2013, Ms. Lemonds fired Ms. Johnson from her position as a Personal Care Assistant, without explanation.  (Id.)  In December 2013, Ms. Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which dismissed her charge in September 2014.  (Id. ¶ 8; Pl.'s Opp'n 1–2, ECF No. 13.)  Ms. Johnson filed this lawsuit in December 2014.  (See Compl. 6, ECF No. 1.)

## II. JURISDICTION AND VENUE

Defendants argue that Ms. Johnson's Amended Complaint should be dismissed pursuant to Rule 12(b)(1) "for failing to properly invoke either jurisdiction or venue," because Ms. Johnson "never alleges any *specific* jurisdictional or venue statute."  (Def.'s Mem. 1, 9, ECF No. 10.)  Defendants' argument is without merit.

Ms. Johnson's failure to cite the statute conferring jurisdiction on this Court does not deprive the Court of jurisdiction.  Rule 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), but even without a statement of jurisdiction, "a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999); see Andrus v. Charlestone Stone Prods. Co., 436 U.S. 604, 608 n.6 (1978) ("Nor does it matter that the complaint does not in so many words assert § 1331(a) as a basis of jurisdiction, since the facts alleged in it are sufficient to establish such jurisdiction . . . .").  Here, the Amended Complaint clearly pleads facts that relate to federal law claims, thus supporting federal question jurisdiction under § 1331.  (See Am. Compl.

3

¶¶ 16–18, ECF No. 3 (alleging facts to support a claim of a racially hostile work environment under Title VII).)

Likewise, the absence of a statutory citation regarding venue does not make venue in this district improper. The Federal Rules of Civil Procedure do not require a complaint to contain a statement of venue, let alone a citation to the correct statutory venue provision. See Great W. Mining & Mineral Co. v. ADR Options, Inc., 434 F. App'x 83, 86–87 (3d Cir. 2011); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1206 (3d ed. 2004). Moreover, Rule 12(b)(1) is not the appropriate basis for a venue challenge, as it relates only to subject-matter jurisdiction, not venue. See Fed. R. Civ. P. 12(b)(1).

Thus, to the extent that Defendants have moved to dismiss Ms. Johnson's Amended Complaint pursuant to Rule 12(b)(1), the requested relief is denied. The Court also declines to order Ms. Johnson to "properly allege" the relevant statutes, as Defendants request in the alternative. (See Answer 5, ECF No. 9.)

### III. FAILURE TO STATE A CLAIM

Defendants next argue that the Amended Complaint fails pursuant to Rule 12(b)(6) to state any claim upon which relief can be granted under Title VII, whether for disparate treatment, wrongful termination, hostile work environment, retaliation, or otherwise.[2] (Def.'s Mem. 3, ECF No. 10.)

---

[2] Defendants address claims for retaliation and disparate treatment in the brief supporting their motion to dismiss (Def.'s Mem. 4–6, 8, ECF No. 10), and Ms. Johnson responds to these arguments (Pl.'s Opp'n 4–5, 7, ECF No. 13). However, the Amended Complaint does not contain any factual allegations related to retaliation or related to disparate treatment, other than disparate treatment based on discriminatory discharge. The Court therefore will not address these arguments.

4

### A. Standard of Review

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is plausible when the complaint alleges facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Where the facts are "merely consistent with" the defendant's liability or allow the court to infer only "the mere possibility of misconduct," the complaint "stops short of the line between possibility and plausibility" and must be dismissed. Id. at 678–79; see Twombly, 550 U.S. at 570.

### B. Discriminatory Discharge Claim

Ms. Johnson alleges that Defendants "engaged in unlawful employment discrimination in violation of Title VII when [they] decided to terminate Plaintiff based on her race." (Am. Compl. 1, ECF No. 3.) Defendants' sole argument supporting their motion to dismiss this claim is that Ms. Johnson has failed to allege the elements of a prima facie

5

case.  (Def.'s Mem. 6, ECF No. 10.)  The Supreme Court and Fourth Circuit, however, have expressly rejected the view that a plaintiff alleging employment discrimination must plead a prima facie case to survive a motion to dismiss.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002); McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015) (explaining that the district court erred by requiring the plaintiff "to plead facts establishing a prima facie case of discrimination to survive a motion to dismiss").  Rather, a plaintiff is "required to allege facts to satisfy the elements of a cause of action created by [Title VII]." McCleary-Evans, 780 F.3d at 585.  Here, to state a claim of racially discriminatory discharge, Ms. Johnson is required to allege sufficient facts to establish a plausible basis for believing that she was discharged "*because of* [her] race."  See id. (quoting 42 U.S.C. § 2000e-2(a)(1)) (requiring a plaintiff claiming discriminatory failure to hire to allege facts that her employer failed or refused to hire her "*because of*" her race or sex).

To demonstrate that her termination was based on race, Ms. Johnson argues that "other employees who had been insubordinate and who had stolen from Defendants" were not fired, while she was fired "for no just cause, based on her race," despite being proficient in her job duties.  (Pl.'s Opp'n 5, ECF No. 13; see Am. Compl. ¶¶ 8, 18, ECF No. 3.)  She has not, however, alleged the race of any other employee whom Defendants allegedly "kept" despite their insubordination and theft.  Without this information, the Court is unable to draw a reasonable inference that Defendants fired Ms. Johnson because of her race. Further, Ms. Johnson's allegation that Ms. Lemonds repeatedly used the word "n*****" in her presence and referred to her as a "pickaninny" (Am. Compl. ¶ 18, ECF No. 3) is likewise insufficient to give rise to a reasonable inference that Ms. Johnson's termination was racially

6

discriminatory. See Haggood v. Rubin & Rothman, LLC, No. 14-cv-34L (SJF)(AKT), 2014 WL 6473527, at *11 (E.D.N.Y. Nov. 17, 2014) (dismissing the plaintiff's race discrimination claims because the alleged comments, while racially discriminatory, did not support an inference that the defendants acted with discriminatory intent). "Remarks may raise an inference of discrimination if there is a nexus between the remarks and an adverse employment decision." Mesias v. Cravath, Swaine & Moore LLP, --- F. Supp. 3d ---, 2015 WL 2069419, at *5–6 (S.D.N.Y. 2015) (dismissing the plaintiff's gender and age discrimination claims because she did not sufficiently allege a connection between her supervisor's comments and her termination). Ms. Johnson has not alleged any facts to suggest a nexus between Ms. Lemonds' racially discriminatory remarks and her termination. Without more, Ms. Lemonds' remarks allow the Court to reasonably infer only a possibility that Defendants' decision to terminate Ms. Johnson as an employee was motivated by race. A "sheer possibility" of termination based on race, however, is insufficient to withstand a Rule 12(b)(6) challenge. See Iqbal, 556 U.S. at 678. Ms. Johnson's allegations are therefore insufficient to state a plausible claim for relief. Accordingly, the Court grants Defendants' motion to dismiss as it relates to Ms. Johnson's discriminatory discharge claim.

### C. Hostile Work Environment Claim

Though Ms. Johnson does not specifically set forth a claim using the terms "hostile work environment," the Court infers that she has pled this claim based on allegations in her Amended Complaint. Ms. Johnson alleges that Defendants "discriminated against [her] based on her race" before her termination. (Am. Compl. 1, ECF No. 3.) Specifically, she alleges that Defendants "maintain[ed] racially segregated bathroom facilities;" that

7

Defendants installed a racially offensive portrait in Ms. Lemonds' office; and that Ms. Lemonds "repeated[ly] used racially offensive language" in her presence, including the word "n*****," and referred to her as a "pickaninny."  (Id. ¶¶ 16–18.)  Based on these allegations, the Court infers that Ms. Johnson has pled a claim for a racially hostile work environment.  Because the Amended Complaint does not name the claims Ms. Johnson pursues, Defendants argue that the Amended Complaint fails to give them "fair notice of exactly which claim(s) Plaintiff may be alleging and/or attempting to pursue."  (Def.'s Reply 2, ECF No. 14.)  While federal pleading rules require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the rules "are designed to discourage battles over mere form of statement."  Johnson v. City of Shelby, 135 S. Ct. 346, 346–47 (2014) (quoting Advisory Committee Report of 1955, reprinted in 12A Charles Alan Wright et al., Federal Practice and Procedure, p. 644 (2014 ed.)).  The Court finds that Ms. Johnson's allegations are sufficient to provide Defendants with fair notice of her hostile work environment claim and the factual grounds supporting that claim.  See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 240 (2d Cir. 2007) (inferring that hostile work environment claims have been pled from allegations of "continued harassment" and "degrading comments").

A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 277 (4th Cir. 2015) (alteration in original) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).  To state a claim for a

8

racially hostile work environment, a plaintiff must allege facts making it plausible that "(1) she experienced unwelcome harassment; (2) the harassment was based on her . . . race . . . ; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003);[3] accord Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011).

Defendants challenge only whether Ms. Johnson's allegations "rise to the level of severity and pervasiveness required" to alter the conditions of employment and create an abusive atmosphere. (Defs.' Mem. 8, ECF No. 10.) They contend that her allegations represent, at best, "simply isolated occurrences." (Id.) While "isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment,'" Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998), the Fourth Circuit recognizes that "[p]erhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet such as 'nigger' by a supervisor in the presence of his subordinates." Boyer-Liberto, 786 F.3d at 280 (alteration in original) (quoting Spriggs v. Diamond Auto Glass, 242 F.3d 179, 185 (4th Cir. 2001)). That is precisely what Ms. Johnson alleges here: that Ms. Lemonds, the Executive Director of Earth Angels, used the word "n*****" in the presence of

---

[3] The Fourth Circuit's standard in Bass appears to stand at odds with the Supreme Court's earlier holding in Swierkiewicz, 534 U.S. at 515, that "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss." See Cockerham v. Stokes Cty. Bd. of Educ., 302 F.2d 490, 495–96 (M.D.N.C. 2004) (discussing "[t]he Fourth Circuit's apparent departure from Swierkiewicz" in Bass); see also Shelman v. Powell's Trash Serv., No. 8:12-3525-HMH-KFM, 2013 WL 5333080, at *3 n.1 (D.S.C. Sept. 23, 2013) (acknowledging the "obvious tension" between Bass and Swierkiewicz). However, this Court is bound to follow Fourth Circuit precedent, including its interpretation of Swierkiewicz. Cockerham, 302 F.2d at 496.

9

employees including Ms. Johnson—not once, but repeatedly.[4] (Am. Compl. ¶ 18, ECF No. 3.) Equally deplorable is Ms. Lemonds' alleged use of the word "pickaninny" to describe Ms. Johnson.[5] (See id.) These racial epithets go "far beyond the merely unflattering;" rather, they are "degrading and humiliating in the extreme." See Boyer-Liberto, 786 F.3d at 280 (quoting Spriggs, 242 F.3d at 185). Even if Ms. Johnson had alleged only a single use of the word "n*****" or "pickaninny" by Ms. Lemonds, the Fourth Circuit has identified cases involving such racial epithets as precisely the type of case where harassment, even if "isolated," "can properly be deemed to be 'extremely serious'" and capable of altering the terms and conditions of employment. Id. at 281 (quoting Faragher, 524 U.S. at 788) (concluding that a reasonable jury could find two uses of the "porch monkey" epithet, whether viewed as a single incident or as two incidents, to be "severe enough to engender a hostile work environment"). Based on Ms. Johnson's factual allegations, the Court can reasonably infer that Defendants created a work environment that was both subjectively and objectively hostile.

Further supporting Ms. Johnson's hostile work environment claim are allegations that Defendants maintained racially segregated bathrooms and installed a racially offensive portrait in Ms. Lemonds' office, despite a request to remove the portrait. (Am. Compl.

---

[4] Racially offensive comments need not be directed at the plaintiff to support a hostile work environment claim. See Spriggs, 242 F.3d at 184 ("We are, after all, concerned with the 'environment' of workplace hostility, and whatever the contours of one's environment, they surely may exceed the individual dynamic between the complainant and his supervisor.").

[5] The pickaninny stereotype "portrays black children as dirty, animalistic creatures with mussed hair and bulging eyes," who were incapable of self-government and "subjugated for their own good." Jon Hanson & Kathleen Hanson, The Blame Frame: Justifying (Racial) Injustice in America, 41 Harv. C.R.-C.L. L. Rev. 413, 435 (2006).

10

¶¶ 16–17, ECF No. 3.) Taken as true, Ms. Johnson's allegations paint a portrait of a workplace permeated with racial hostility. This is all the more egregious because the hostility appears to be fueled by the director/owner of the organization. See U.S. EEOC v. GNLV Corp., No. 2:06-cv-01225-RCJ-PAL, 2014 WL 7365871, at *19 (D. Nev. Dec. 18, 2014) (acknowledging that "conduct is even more egregious if perpetrated on the claimant by a direct supervisor"). This Court therefore "draw[s] the reasonable inference that [Defendants are] liable for the misconduct alleged." See Iqbal, 556 U.S. at 678. Accordingly, the Court denies Defendants' motion to dismiss as it relates to a claim of hostile work environment as alleged by Ms. Johnson.

**D. Additional Claims**

The Amended Complaint further alleges that "[a]ll of the above [allegations] demonstrate a pattern and practice of discriminatory treatment or in the alternative discrimination, concerning wage, promotion, hiring, firing, and other employment practices to the detriment of Plaintiff, based on factors including but not limited to her race and national origin."[6] (Am. Compl. ¶ 19, ECF No. 3.) To the extent Ms. Johnson intends these allegations as claims, she fails to state any claim upon which relief can be granted under Title VII. First, Ms. Johnson alleges "a pattern and practice of discriminatory treatment." (Id.) However, the Fourth Circuit has "decline[d] to give individual plaintiffs a pattern or practice

---

[6] The Amended Complaint also alleges, "Defendant routinely allows employees to work with family members as clients. This is a violation of law in North Carolina." (Am. Compl. ¶ 14, ECF No. 3.) The purpose of this allegation is unclear, as it is not relevant to Ms. Johnson's employment discrimination claims. However, to the extent Ms. Johnson intends this allegation as a claim, she has not pled sufficient facts to support the Court's exercise of subject-matter jurisdiction over this claim or to state any claim upon which relief can be granted.

cause of action." Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999).  Second, Ms. Johnson alleges "discrimination[] concerning wage, promotion, hiring, . . . and other employment practices" (Am. Compl. ¶ 19, ECF No. 3), but she does not allege any facts related to discriminatory wages,[7] promotions, hiring, or other employment practices.  See Iqbal, 556 U.S. at 678 (requiring a complaint to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting Twombly, 550 U.S. at 570)).  Third, Ms. Johnson alleges discrimination "based on factors including but not limited to her . . . national origin."  (Am. Compl. ¶ 19, ECF No. 3; see id. ¶ 22.)  However, she likewise fails to allege any facts related to her national origin or any other characteristic protected under Title VII.  Accordingly, this Court concludes that the only claim sufficiently alleged in Ms. Johnson's Amended Complaint to survive a Rule 12(b)(6) challenge is the hostile work environment claim.[8]

---

[7] The Amended Complaint includes one allegation related to wages:  "Defendant [sic] never received her last paycheck which included a forty-hour week at $10.00/hour, and a 36 hour bi-weekly paycheck at $9.00/hour.  This also included commission for clients, gas mileage and a bonus."  (Am. Compl. ¶ 15, ECF No. 3.)  This allegation, however, does not support a claim of "discrimination[] concerning wage."  (See id. ¶ 19.)

[8] Ms. Johnson asserts in her response to Defendants' motions to dismiss that "should the Court find the pleadings somehow insufficient, Plaintiff moves for leave to amend the pleadings to correct any such deficiency pursuant to Rule 15 of the Federal Rules of Civil Procedure."  (Pl.'s Opp'n 8, ECF No. 13.)  This request does not qualify as a motion for leave to amend pursuant to Rules 7(b) and 15(a) of the Federal Rules of Civil Procedure.  Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 630 (4th Cir. 2008).  Moreover, Ms. Johnson's request violates the Local Rules' requirement that each motion be "set out in a separate pleading."  See L.R. 7.3(a).  The Court therefore denies Ms. Johnson's request for leave to amend the pleadings.

For the reasons outlined herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is DENIED IN PART, as it relates to Ms. Johnson's claim of hostile work environment, and GRANTED IN PART, as it relates to Ms. Johnson's claim of discriminatory discharge.

This, the 21st day of August, 2015.

/s/ Loretta C. Biggs<br>United States District Judge